**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

LONNELL ISAIAH FORT                                                                                          PLAINTIFF

v.                                              No. 4:13CV00747 JLH

CITY OF JONESBORO, ARKANSAS; *et al*.                                                            DEFENDANTS

**OPINION AND ORDER**

Lonnell Fort claims that during and after his arrest on January 2, 2011, Jonesboro police officers Joe K. Robinson, Brett Nolen, Robert Geha, and Cody Coley violated his Fourth Amendment right to be free from excessive force in his search and seizure, his Eighth Amendment right to be free from cruel and unusual punishment and his Fifth and Fourteen Amendment rights to due process.  He alleges that he was grabbed by the throat, slammed against a car, kicked, stomped, and hit with a taser four times.  He brings this action pursuant to 42 U.S.C. § 1983, Article II, §§ 8-9 and 15 of the Arkansas Constitution and the Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101 *et seq*., against those four officers, in their individual and official capacities, the City of Jonesboro, Arkansas, and Michael Yates, individually and in his official capacity as the Chief of Police of the City of Jonesboro Police Department.  The claims against the City of Jonesboro and against Yates are for failure to train and supervise the officers.

The four officers concede there are genuine disputes of material fact and have not moved for summary judgment in their individual capacities.  The City has moved for summary judgment on all claims against it.  Yates has moved for summary judgment on the official and individual claims against him.  For the following reasons, summary judgment is granted to the City and denied to Yates.

A court should grant summary judgment if the evidence demonstrates that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The moving party bears the initial burden of demonstrating the absence of a genuine dispute for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). If the moving party meets that burden, the nonmoving party must come forward with specific facts that establish a genuine dispute of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). A genuine dispute of material fact is presented only if the evidence is sufficient to allow a reasonable jury to return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). The court must view the evidence in the light most favorable to the nonmoving party and must give that party the benefit of all reasonable inferences that can be drawn from the record. *Spencer v. Jackson Cnty. Mo.*, 738 F.3d 907, 911 (8th Cir. 2013). If the nonmoving party fails to present evidence sufficient to establish an essential element of a claim on which that party bears the burden of proof, then the moving party is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 322-23, 106 S. Ct. at 2552.

Fort concedes that summary judgment is proper for all the official capacity claims and the constitutional claims against the City of Jonesboro (Counts I and II: 42 U.S.C. § 1983; Count III: Ark. Const., art. II, §§ 8-9 & 15 and Ark. Code Ann. §§ 16-123-101 through 108). He also concedes summary judgment is proper on the negligence claim against the City of Jonesboro and the individual defendants in their official capacities (Counts IV and V). Therefore, summary judgment

on these claims is granted.  Fort does not concede that Yates is entitled to summary judgment on the claims against him in his official capacity.

Fort does not allege that Yates participated in his arrest or that Yates personally used excessive force against him.  Rather, Fort alleges that Yates is liable because he was the supervising officer.  A supervisor may be liable for an inferior officer's constitutional violations only where he directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation.  *Otey v. Marshall*, 121 F.2d 1150, 1155 (8th Cir. 1997).  Qualified immunity shields government officials from liability in their individual capacity so long as the official has not violated clearly established statutory or constitutional rights of which a reasonable person would have known.  *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010).  A government official is qualifiedly immune from suit unless (1) the facts, viewed in the light most favorable to the plaintiff, demonstrate the deprivation of a constitutional or statutory right; and (2) the right was clearly established at the time of the deprivation.  *Id.* at 1001-02.

To show that Yates is liable for a failure to supervise these officers, Fort must show that Yates:

1) Received notice of a pattern of unconstitutional acts committed by subordinates;

2) Demonstrated deliberate indifference to or tacit authorization of the offensive acts;

3) Failed to take sufficient remedial action; and

4) That such failure proximately caused injury to [Fort].

*Jane Doe A v. Special Sch. Dist. Of St. Louis Cnty.*, 901 F.2d 642, 645 (8th Cir. 1990).  To demonstrate a failure to train, the training must be inadequate, the supervisor must have been

deliberately indifferent to the rights of others, and the deficiency in training must have caused the plaintiff's injuries. *Andrews v. Fowler*, 98 F.3d 1069, 1076 (8th Cir. 1996).

In his complaint, Fort alleges two incidents to demonstrate a pattern of unconstitutional acts by subordinates:

    a.    On or about November 4, 2008, at the very same apartment complex where Plaintiff was beaten, Jonesboro Police allegedly assaulted several students and local citizens who had gathered to celebrate President Barack Obama's electoral victory. According to eyewitnesses, at least one black man was thrown to the ground, where he was continuously kicked in the stomach and head by an officer.

    b.    On July 29, 2012, Chavis Carter was found dead in the back of a Jonesboro Police cruiser due to a gunshot wound to the right side of his head. Despite being handcuffed, being left-handed, and having been searched twice by Jonesboro Police before being placed in the car, Carter's death was somehow ruled a suicide.

Document #1 at 11 ¶ 52. In support of his motion for summary judgment, Fort also has presented reports of use-of-force incidents involving the officers involved in his arrest. Forty-seven reports have been presented. Twenty-nine of those involved suspects who were African-American males, and a taser was used in twenty of those incidents. Over that same period of time, a taser was used against other suspects only fourteen times. Document #18-1. According to Fort, Yates must have known of these incidents, yet he failed to take supervisory action to correct their behavior or to require the officers to take additional training.

Yates did not address those incidents in his action for summary judgment, nor has he provided evidence that he was unaware of the occurrences. While the officers had received Arkansas Law Enforcement Training Academy certificates for fully training and qualified law enforcement officers in Arkansas, there is no evidence that additional training was required or provided in light of this history of alleged use of excessive force, nor is there evidence of any

supervisory action in response to these incidents. Fort has made a prima facie case of showing that Yates may be liable for failure to train and supervise officers, and the rights at issue were clearly established at the time of these events. The motion for summary judgment is denied.

## CONCLUSION

Because Yates has not carried his burden to show there is no genuine dispute of material fact, his motion for summary judgment is DENIED. Document #13. The City's motion for summary judgment is GRANTED. *Id.* All claims against the City of Jonesboro, including the official capacity claims against the individual defendants, are dismissed.

IT IS SO ORDERED this 23rd day of January, 2015.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE